UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

In re:

RITCHIE ALAN DAN and
JASMINE A. K. DAN,

Debtors.

Chapter 13
Case No. 20-20072

**ORDER ON DEBTORS' MOTION TO DETERMINE WHETHER PAYMENT OF FEES IS REQUIRED PURSUANT TO FED. R. BANKR. P. 3002.1(e)**

This matter came before the Court on the Debtors' timely challenge under Fed.R. Bankr. P. 3002.1(e) to $1,924.50 in fees and $50.00 in costs asserted by U.S. Bank National Association in a Notice of Postpetition Mortgage Fees, Expenses, and Charges filed on August 17, 2023 (the "Notice"). The Bank incurred the fees and costs in connection with the filing of a stay relief motion which the Bank subsequently withdrew when the Debtors cured their postpetition mortgage arrears. The Debtors contend that the fees would not have been necessary had the Bank complied with consultation requirements set forth in D. Me. LBR 9013-1(b) and, alternatively, are excessive when compared to the work performed by the Bank's counsel. The Bank did not respond to the Debtors' challenge.

The Court does not find the fees to be excessive but does give merit to the Debtors' argument regarding the Bank's failure to comply with D. Me. LBR 9013-1(b). One purpose of the consultation requirement of D. Me. LBR 9013-1(b) is to see if the parties can resolve their differences, thus eliminating the time and expenses of motions practice. The rule prescribes no set penalty for failing to comply with it and so it lies in the discretion of this Court to ascertain the appropriate relief. See, Air Line Pilots Ass'n v. Precision Valley Aviation, Inc., 26 F.3d 220, 224 (1st Cir. 1994); United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992) ("A district court possesses great leeway in the application and enforcement of its local rules.").

As of the filing of the motion for relief, the Bank alleged it incurred fees and expenses of $1,238 in connection with the motion. Weighing the Debtors' concession that they were not in compliance with the provisions of their confirmed plan by failing to remain current with their postpetition mortgage payments against the Bank's failure to consult with Debtors' counsel prior to filing the stay relief motion, the Court concludes that the appropriate amount to allow the Bank in connection with its Notice is $619.

Dated: November 9, 2023

/s/ Peter G. Cary
Judge Peter G. Cary
United States Bankruptcy Court